It having been admitted that the involved merchandise was in part of net, following the principles announced in the *Madame Adele* and *Kayser & Co.* cases, *supra*, we hold the involved merchandise to be properly dutiable at the rate of 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as classified by the collector. All claims of the plaintiff are, therefore, overruled. Judgment will be rendered accordingly.

**No. 59502.**—Baar & Beards, Inc., and Taub, Hummel & Schnall, Inc., et al. *v.* United States, protests 177465–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59503.**—Virchand Panachand & Co., Inc. *v.* United States, protests 190865–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59504.**—Vandegrift Forwarding Co., Inc. *v.* United States, protest 224250–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59505.**—Alfred Kohlberg, Inc. *v.* United States, protest 244250–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59506.**—Novelty Veiling Co., Inc. *v.* United States, protests 245898–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59507.**—Herzman Scarfs, Inc., et al. *v.* United States, protests 247064–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59508.**—Bischoff Textiles, Inc. *v.* United States, protest 255598–K (New York).

Opinion by FORD, J. Since under section 514, Tariff Act of 1930, a protest may be filed after, but not before, liquidation, it was held that the protest was prematurely filed and it was accordingly dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 1, 1955

**No. 59509.**—J. D. Smith Inter-Ocean, Inc. *v.* United States, protest 201063–K (New York).

EKWALL, Judge: This case involves an importation of musical instruments and parts from France. Plaintiff claims that, due to a clerical error, the last three items on the invoice were noted as valued at French francs 490 each, whereas the proper unit of value was French francs 49 per piece.